IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PACE INDUSTRY UNION-             )
MANAGEMENT PENSION FUND, et al., )
                                 )
         Plaintiffs,             )    NO. 3:08-00826
                                 )    JUDGE HAYNES
v.                               )
                                 )
CLARKE MANUFACTURING, INC.,      )
                                 )
         Defendant.              )

## MEMORANDUM

Plaintiffs, PACE Industry Union-Management Pension Fund (the "Fund") and Boyd Young, Ron Hackney, Gerald Johnston, Dale Olson, Gary Beevers, Dalton J. Babineaux, James Kidder, and Anthony Abbott, the Trustees of the Fund, filed this action under the Employee Retirement Income Security Act of 1974, as codified, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA") against the Defendant, Clarke Manufacturing, Inc. Plaintiffs seek delinquent contributions owed by the Defendant, a contributing employer, to a multi-employer pension fund, as required by ERISA and the LMRA.

Before the Court is Plaintiffs' motion for summary judgment (Docket Entry No. 30), contending, in sum, that Defendant is a signatory to a collective bargaining agreement ("CBA") with PACE Workers International Union AFL-CIO, CLC, Local 2-0200 (the "Union") for the period from March 1, 2003 to February 28, 2006. Defendant is also signatory to agreements to participate in the Fund. According to Plaintiffs, Defendant is required to make monthly

contributions to the Fund for all hours paid to the employees who were covered under the CBA.

In response, Defendant notes that from February 2006 through August 2008, the Defendant and the Union were negotiating a new collective bargaining agreement. The Defendant continued to make the required monthly contributions to the Fund through April 2006. The Defendant ceased contributions from May 2006 through August 2008 during negotiations.

Plaintiff responds that the National Labor Relations Board found that although the parties bargained to an impasse on some issues, two members of the NLRB concluded that the Defendant remained obligated to make pension contributions to the Fund. <u>Clarke Mfg. Inc. v. United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial Service Workers Int'l Union Local 2-200</u>, 2008 WL 487014, at **8-10 (N.L.R.B. Feb. 20, 2008).

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. <u>Duchon v. Cajon Co.</u>, 791 F.2d 43, 46 (6th Cir. 1986). Under Supreme Court holdings, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247-52 (1986). Under the applicable law, the Court concludes that there are not any material factual disputes as to whether there was a valid arbitration agreement between the parties. Thus, this section constitutes findings of fact under Fed. R. Civ. P. 56(d).

Upon review, the controlling question here is a legal issue, of whether under the LRMA, a bargaining party cannot unilaterally change working conditions or working terms under a CBA over which the parties have not bargained. The NLRB has held that the employer cannot do so. <u>Buck Creek Coal, Inc. and United Mine Workers</u>, 310 N.L.R.B. 1240 (May 6, 1993); <u>Lou's</u>

Produce, Inc. and Int'l Bhd. of Teamsters, 308 N.L.R.B. 1194 (September 30, 1992), order enforced, 21 F.3d 1114 (9th Cir. 1994). In Lou's Produce, the parties bargained to an impasse over health care benefits unrelated to pension contributions. Nonetheless, the NLRB found that by failing to contribute to the pension fund without previously bargaining to impasse over such changes, the employer violated Sections 8(a)(5) and (1) of the NLRA. 308 N.L.R.B. at 1196. Lou's Produce is persuasive here as it is undisputed that the parties' negotiations never came to an impasse over pension benefit or contributions to the Fund. Thus, the Court concludes that Lou's Produce is persuasive.

With the Defendant's unjustified failure to make its required pension contributions, the Defendant violate also Section 515 of ERISA that provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Multiemployer funds, such as Plaintiff PACE, can bring an action to enforce an employer's contributions and to recover any delinquent contributions. See Int'l Bhd. of Painters & Allied Trades Union v. George A. Kracher, Inc., 856 F.2d 1546, 1547 (D.C. Cir. 1988).

Here, the language of the CBA and the Defendant's agreement to participate in the Fund unambiguously require the Defendant to make contributions to the Fund at the rate of $0.24 per hour worked by employees covered under the Agreement from March 1, 1991 through March 1, 2006 and at the rate of $0.264 per hour worked by employees covered under the Agreement from March 1, 2006 through termination of participation in the Fund on December 1, 2008. Based

upon the undisputed proof, Plaintiffs are awarded the principal amount of $19,744.00 in delinquent contributions and interest of $2,683.82 from the date of the Defendant's breach of contract. 29 U.S.C. § 1132(g)(2). See also Bd. of Trs. of the Hotel & Rest. Employees Local 25 v. Jpr, Inc., 136 F.3d 794, 797-98 (D.C. Cir. 1998).

The Fund also seeks liquidated damages of 20% of the amount of the Defendant's delinquency under 29 U.S.C. § 1132(g)(2), that provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:
>
> * * *
>
> (B) interest on the unpaid contributions, [and]
> (C) an amount equal to the greater of:
> (I) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A) . . . .

Twenty percent of $19,744.00 is $3,948.80. Given the prior holdings of the NLRB and Defendant's undisputed obligation under the CBA and agreement to participate in the Fund, the Fund is also awarded $3,948.80 in liquidated damages.

Finally, the Fund seeks an award of attorney's fees in the amount of $14,320.85 under 29 U.S.C. §1132(g)(2) that makes an award of attorney's fees mandatory. Local 25, 136 F.3d at 797-798. The amount of the request is undisputed and the Court awards the Fund $14,320.85 in attorney's fees.

An appropriate Order is filed herewith.

**ENTERED** this the 5t day of March, 2010.

                                                                       WILLIAM J. HAYNES, JR.
                                                                       United States District Judge

Case 3:08-cv-00826   Document 44   Filed 03/05/10   Page 5 of 5 PageID #: 151